**In re Susan MILTO, Debtor.**

**Bankruptcy No. 96–1–9019–DK.**

United States Bankruptcy Court,
D. Maryland.

March 5, 1997.

Laura J. Margulies, Rockville, MD, for debtor.

Beverly Moses Katz, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Lyne Anne Battaglia, U.S. Atty., Baltimore, MD, for I.R.S.

Thomas L. Lackey, Bowie, MD, Chapter 13 trustee.

### ORDER AWARDING DAMAGES AGAINST INTERNAL REVENUE SERVICE

DUNCAN W. KEIR, Bankruptcy Judge.

Debtor filed a Motion to hold the Internal Revenue Service in Contempt for intentional violation of the automatic stay. The Internal Revenue Service appeared and defended raising two defenses. The first defense raised was that the Internal Revenue Service, as an agency of the United States of America, was protected by the Doctrine of Sovereign Immunity. As discussed by the court on the record at a hearing held on this matter on February 14, 1997, this case is governed by 11 U.S.C. § 106 as amended by the Bankruptcy Reform Act of 1994. In those amendments, Congress abrogated sovereign immunity for the United States of America for certain actions including actions under 11 U.S.C. § 362. This abrogation was limited however to actions for actual, as opposed to punitive damages. Debtor conceded at the hearing that debtor was not entitled to proceed against the United States of America, Internal Revenue Service, for punitive damages.

▪ The court finds that the United States of America, acting by legislation enacted by Congress and by the President abrogated sovereign immunity for the purposes of finding liability against the United States of America in actions brought by parties against the United States of America for violations of 11 U.S.C. § 362. As explained by the court in its remarks on the record, this action was brought for violation of the stay and hence is governed by 11 U.S.C. § 362(h).

The facts are not disputed. After the filing of the bankruptcy case but before the Internal Revenue Service had notice of the case, the Internal Revenue Service served a levy upon a banking institution and by that levy attached three bank accounts of the debtor. Further, the Internal Revenue Service received payment of the account balances by the financial institution through this levy thus depriving the debtor of the use of the funds in these accounts. Although the initial violation of 11 U.S.C. § 362(a) was unwitting, what happened next constituted an intentional violation of this statute. Upon learning of the Internal Revenue Service garnishment, debtor's counsel contacted the agent of the Internal Revenue Service whose phone number was inscribed upon the notice of levy to the banking institution. That agent refused to return the funds levied upon post-petition, notwithstanding the clear violation which had occurred.

▪ The court finds that there is no dispute of fact, the Internal Revenue Service having not disputed the facts in its post-hearing memorandum. The facts include that as a result of the Internal Revenue Service wrongful levy of the accounts, the debtor was unable to pay mortgage payments post-petition in this case. Because of the post-petition default, the mortgagee commenced a motion for relief from stay and

incurred the sum of $450.00 in attorney's fees to the mortgagee's attorney which, under the terms of the mortgage contract are due and payable by the debtor. The debtor has also incurred the sum of approximately $750.00 in attorney's fees to debtor's attorney to defend that action and to bring the action before the court in this motion. Finally, the debtor incurred a charge of $75.00 by the banking institution for processing the Internal Revenue Service levies.

Under the authority of 11 U.S.C. § 362(h), and further under the Internal Revenue Service Code as discussed in the case of *Grewe v. United States (In re Grewe),* 4 F.3d 299 (4th Cir.1993), the Internal Revenue Service is responsible for all of the consequential damages including the reasonable attorney's fees as identified above. For this reason, it is this 5th day of March, 1997, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Internal Revenue Service shall pay to Susan Milto, the sum of $2,275.00 as actual damages for violation of the automatic stay; and the Internal Revenue Service, to the extent not already accomplished, shall immediately refund to Susan Milto all funds levied and collected after the date of petition in bankruptcy from accounts of Susan Milto.